United States District Court
Southern District of Texas
**ENTERED**
February 06, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, § § § Plaintiff, § VS. § THOMAS A LOTT, *et al*, § § Defendants. § | § § § § § CIVIL ACTION NO. 2:17-CV-00134 § § § § § |

# **AMENDED[1] MEMORANDUM AND RECOMMENDATION**

Plaintiff Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity, but solely as Trustee for BCAT 2015-14ATT ("Wilmington") filed suit under this court's diversity jurisdiction against Thomas and Seraphia Lott, seeking an order allowing foreclosure or judicial foreclosure. (D.E. 1). Wilmington also seeks a declaratory judgment rectifying the failure to attach a complete legal description of the relevant property to the Homestead Lien Contract and Deed of Trust. Wilmington filed a motion for summary judgment (D.E. 27) on January 4, 2019, to which the Lotts responded on February 4, 2019. (D.E. 30). As discussed more fully below, it is respectfully recommended that Wilmington's motion for summary judgment be granted.

---

[1] The Plaintiffs filed a late response, on February 4, 2019. The original Memorandum and Recommendation was filed the same day. In the interests of justice, the Memorandum and Recommendation was *sua sponte* withdrawn, and this Amended Memorandum and Recommendation includes consideration of the late-filed response.

I.  **JURISDICTION AND VENUE**

Wilmington, acting as the trustee of a trust, is a federal savings bank with its principal place of business in Delaware, and is accordingly a citizen of Delaware for diversity purposes. *See Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980). Thomas and Seraphia Lott are citizens of Texas. (*See, e.g.*, D.E. 14 at 2). Accordingly, because complete diversity exists and the amount in controversy exceeds $75,000, jurisdiction is proper in this court. 28 U.S.C. § 1332. Venue is also proper in this court because the property at issue is in Sinton, San Patricio County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas. 28 U.S.C. §§ 124(b)(6), 1391(b)(2).

II.  **BACKGROUND**

In February 2002, the Lotts executed a $140,000 promissory note and a Texas Home Equity Security Instrument establishing a lien on property at 7256 County Road 2253, Sinton, Texas 78387 ("the Sinton property"). (D.E. 27-1 at 26-37). The legal description of that property was attached to the security instrument. (*Id.* at 38). In March 2004, the Lotts renewed, modified, and extended the lien after executing a $167,168 promissory note. (*Id.* at 16-22).

In July 2007, the Lotts executed a $220,000 promissory note on the Sinton property, payable to Bank of America. (*Id.* at 5-6). On the same day, the Lotts executed a Homestead Lien Contract and Deed of Trust (with the promissory note, the "loan agreement") that established a lien on the Sinton property. (*Id.* at 7-12). The loan agreement provided that the Lotts would be in default if they failed to make payments

2

when due. (*Id.* at 10). The loan agreement further provided that, should the Lotts be in default, Bank of America could accelerate the loan and declare due the entire indebtedness after providing proper notice. In the event of a default, Bank of America would also be able to foreclose on the property and sell it after providing proper notice. If Bank of America instituted any legal suit to enforce the terms of the loan agreement, it was entitled to recover reasonable attorney's fees. (*Id.*). The loan agreement was to be governed by federal law and, to the extent not preempted by federal law, Texas law. (*Id.* at 11). The July 2007 lien modified and extended the March 2004 lien. (*Id.* at 15).

In May 2015, the mortgage servicer for Bank of America sent letters to both Thomas and Seraphia Lott, informing them that they were delinquent in their payments and that their loan was declared to be in default. (*Id.* at 48, 50). The letters indicated that the entire remaining balance was then due in full, for a total of $135,359.70. The letters also informed the Lotts that if the default was not cured in 30 days, the mortgage servicer would accelerate the maturity date of the loan agreement and commence in scheduling a foreclosure sale. (*Id.*). In July 2015, the mortgage servicer sent letters to both Thomas and Seraphia Lott, informing them that they had failed to cure the default and that all unpaid principal and accrued interest were due immediately. (*Id.* at 51-52).

In February 2016, Bank of America assigned the loan agreement to Wilmington. (*Id.* at 44-45).

In April 2017, Wilmington filed the present suit against the Lotts. (D.E. 1). In an amended answer, the Lotts neither admitted nor denied any of the allegations in the complaint, other than agreeing that they had an interest in the Sinton property. (D.E. 14

at 1). The Lotts also requested that any surplus from a judicial sale be applied towards Wilmington's claims for unpaid assessments, along with the costs, interest, late fees, and reasonable attorney's fees incurred in the collection. (*Id.* at 2). The Lotts signed the answer, but did not indicate that it was under the penalty of perjury. (*Id.*).

In December 2018, Selene Finance, the mortgage servicer for Wilmington, sent a letter to the Lotts informing them that the total amount to pay the loan in full was $452,686.35. (*Id.* at 56). Selene Finance sent another letter to the Lotts informing them that, to cure the default, they owed $252,031.45. (*Id.* at 53).

Shay B. Winebarger, a litigation specialist with Selene Finance, stated the following in a declaration. (*Id.* at 1-4). The legal description of the Sinton property was set forth in the 2002 deed of trust, but was inadvertently not included in the 2007 deed of trust. (*Id.* at 2). The Lotts fell behind on their loan payments beginning with the August 18, 2010, payment and had not made any payments since that date. (*Id.*). The Lotts were $252,031.45 in arrears on the loan through December 28, 2018. (*Id.* at 3). The accelerated loan balance as of December 6, 2018, was $425,686.35. The Lotts remain in default. (*Id.*).

As of January 2, 2019, the Defense Enrollment and Eligibility Reporting System database indicated that neither of the Lotts were on active duty in the military. (D.E. 27-2 at 1-6).

On January 4, 2019, Wilmington filed the present motion for summary judgment, seeking: (1) an order allowing foreclosure or judicial foreclosure; and (2) a declaratory judgment that the 2007 deed of trust secured the Sinton property, rectifying the failure to

attach a complete legal description of the relevant property to the deed of trust. (D.E. 27 at 1-13). First, Wilmington argues that it has standing to foreclose via the 2016 assignment from Bank of America because it is now the mortgagee. (*Id.* at 9). Wilmington argues that the evidence establishes that it is entitled to foreclose on the property because: (1) a debt exists; (2) the debt is secured by a lien; (3) the Lotts have defaulted; (4) the requisite notices to cure the default under the provisions of the loan agreement and applicable laws were given; and (5) the Lotts are not members of the National Guard or United States Military. (*Id.* at 9-10). Wilmington also seeks attorney's fees. (*Id.* at 10). Second, Wilmington argues that it is entitled to a declaratory judgment under Texas law because the loan agreement contains sufficient information to describe the relevant property, specifically, the street address. (*Id.* at 10-11).

The Lotts respond that the issues with the Sinton property initially began in 2008 following the housing market crash. (D.E. 30 at 1). They attempted to modify their loan with Bank of America, but following months of correspondence with Bank of America, their request to modify the loan was denied. (*Id.* at 1-2). They argue that the Texas statute of limitations for foreclosures has run. (*Id.* at 2). They also argue that there is no way to measure whether any of the debt listed is accurate or fair. (*Id.*). The Lotts attached several documents relating to their 1997 acquisition of the Sinton property, a 1997 loan agreement, and the 2002 loan agreement. (*Id.* at 7-41).

5

## III. DISCUSSION

### a. Summary Judgment Standard

The entry of summary judgment is appropriate, after adequate time for discovery and upon motion, against a party who fails to make a showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment should be granted if the pleadings, discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c).

The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party may meet its burden by showing an absence of evidence supporting the nonmoving party's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). If the moving party meets its burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). A genuine issue of material fact exists where the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009). The non-movant cannot meet their burden with merely conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Unsworn statements are not competent summary judgment evidence. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 515

(5th Cir. 2001). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).

A motion for summary judgment cannot be granted simply because there is no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). However, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### b. Foreclosure

To foreclose on a property under Texas law, a plaintiff must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the defendant is in default under the note and security instrument; and (4) the defendant received notice of default and acceleration. Tx. Property § 51.002; *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013).

If a security interest has been assigned, the mortgagee is the last person to whom the security interest was assigned. Tx. Property § 51.0001(4)(C). A "security instrument" is a deed of trust, mortgage, or other contract lien on an interest in real property. *Id.* § 51.0001(6). A party may recover reasonable attorney's fees if the claim arises under an oral or written contract. Tx. Civ. Prac. & Rem. § 38.001(8).

A sale or foreclosure for breach of a trust deed obligation that originated before a servicemember's military service is not valid if made during, or within one year after, the period of the military service. 50 U.S.C. § 3953(c).

Under Texas law, a secured lender must foreclose on "its real property lien not later than four years after . . . the cause of action accrues." Tex. Civ. Prac. & Rem. § 16.035(a). However, if the deed of trust secured by real property contains an optional acceleration clause, then default does not, by itself, start the four-year clock. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W. 3d 562, 566 (Tex. 2001); *Rivera v. Bank of America, N.A.*, 607 F. App'x 358, 360 (5th Cir. 2015). Instead, the action accrues only when the holder actually exercises its option to accelerate. *Holy Cross Church*, 44 S.W. 3d at 566. Effective acceleration requires that the lender provide notice of intent to accelerate and notice of acceleration. *Id.*

Here, Wilmington is entitled to an order of foreclosure on the Sinton property. The undisputed evidence shows that: (1) a debt exists; (2) the debt is secured by a qualifying lien; (3) the Lotts are in default; and (4) the Lotts received notice of the default and acceleration. (*See* D.E. 27-1 at 3, 5-12, 48-53, 56); *Eversley*, 843 F.2d at 174 (stating that the court may accept undisputed facts as true); *Huston*, 988 F. Supp. 2d at 740 (discussing the factors necessary for a foreclosure). Additionally, the evidence shows that the Lotts are not on active service in the military and are not entitled to related protection under federal law. (*See* D.E. 27-2 at 1-6); 50 U.S.C. § 3953(c). Thus, Wilmington has met its initial burden to show that there are no genuine issues of material fact regarding the foreclosure. *Lincoln Gen. Ins.*, 401 F.3d at 349.

In their response, the Lotts raise two arguments against summary judgment. First, as to the statute of limitations, the 2007 Deed of Trust included an optional acceleration clause, so the four-year statute of limitations began to run when the lien holder exercised

its option to accelerate. (D.E. 27-1 at 10); *Holy Cross Church*, 44 S.W. 3d at 566. The evidence shows that Bank of America sent the Lotts a notice of intent to accelerate in May 2015 and a notice of acceleration in July 2015. (D.E. 27-1 at 48, 50-52). Thus, Wilmington filed the present complaint within the four-year limitations period. *Holy Cross Church*, 44 S.W. 3d at 566. Although the Lotts argue that their issues with the Sinton property began in 2008, they make no argument that they received either the notice of intent to accelerate or notice of acceleration earlier than 2015, nor does any of their attached evidence suggest otherwise. (D.E. 30 at 1-2).

Second, although the Lotts argue that there is no way to know whether the debt listed by Wilmington is accurate or fair, they have provided no evidence supporting the conclusion that Wilmington's figures are incorrect. (*Id.* at 2). Notably, the latest mailings by Wilmington's mortgage servicer provided a breakdown of the money owed. (Doc. 27-1 at 53, 56). Thus, the Lotts have not met their burden to go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield*, 268 F.3d at 282. Finally, under the terms of the loan agreement, Wilmington is also entitled to reasonable attorney's fees because it instituted a legal suit to enforce the terms of the loan agreement. (D.E. 27-1 at 10). Because the evidence shows that Wilmington is entitled to an order of foreclosure, summary judgment is appropriate.

    **c. Declaratory Judgment**

In Texas, a person interested under a deed or other writings constituting a contract may obtain a declaration of rights, status, or other legal relations regarding any question

9

of construction or validity arising under the instrument or contract. Tx. Civ. Prac. & Rem. § 37.004(a).

For a property description to be sufficient under Texas law, the writing must provide, or reference some other writing that provides, "the means or data by which the land to be conveyed may be identified with reasonable certainty." *Morrow v. Shotwell*, 477 S.W. 2d 538, 539 (Tex. 1972). In Texas, a street address can sufficiently describe property. *Patterson v. Fed. Deposit Ins. Corp.*, 918 F.2d 540, 546 (5th Cir. 1990).

Here, Wilmington has sufficiently established that the 2007 deed of trust secured the Sinton property. A declaratory judgment is the proper vehicle to rectify the failure to attach the complete legal description of the property to the deed of trust. *See* Tx. Civ. Prac. & Rem. § 37.004(a). The 2007 deed of trust specifies a street address of "7256 County Road 2253, Sinton, Texas 78387." (D.E. 27-1 at 7). This is the same address specified in the 2002 and 2004 loan documents, which also included the complete legal description of the property. (*Id.* at 17, 23-24, 27, 38-39). This property description was sufficient under Texas law because the street address identified the land with reasonable certainty, particularly where previous agreements regarding the same property between the same parties included the legal description. *See Morrow*, 477 S.W. 2d at 539 (stating that the writing must provide a way to identify the land with reasonable certainty); *Patterson*, 918 F.2d at 546 (stating that a street address can sufficiently describe property).

## IV. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Wilmington's motion for summary judgment (D.E. 27) be GRANTED. As a result, Wilmington is entitled to: (1) foreclosure on the Sinton property; (2) reasonable attorney's fees arising from this suit; and (3) a declaratory judgment specifying that the property in the 2007 loan agreement is the same property described in the 2002 and 2004 loan documents.

Respectfully submitted this 6th day of February, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).